[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2002
THOMAS K. KAHN
CLERK

No. 00-12489

D. C. Docket No. 98-06621-CV-WPD

JOHN MARTIN,

Plaintiff-Appellant,

BRIAN NEIMAN,
SAUL SMOLAR,

Interested-Parties-Appellants,

versus

AUTOMOBILI LAMBORGHINI EXCLUSIVE, INC.,
AUTOMOBILI LAMBORGHINI, SPA,
AUTOMOBILI LAMBORGHINI, U.S.A., INC.,
EXCLUSIVE, INC.,

Defendants-Appellees.

_____

No. 01-13659

_____

D. C. Docket No. 98-06621-CV-WPD


JOHN MARTIN,

Plaintiff-Appellant,


BRIAN NEIMAN,
SAUL SMOLAR,

Interested-Parties-Appellants,


versus


AUTOMOBILI  LAMBORGHINI EXCLUSIVE, INC.,
AUTOMOBILI  LAMBORGHINI, SPA,
AUTOMOBILI LAMBORGHINI, U.S.A., INC.,
EXCLUSIVE, INC.,

Defendants-Appellees.


_____

No. 01-15443

_____

D. C. Docket No. 98-06621-CV-WPD


JOHN MARTIN,

Plaintiff-Appellant,


BRIAN NEIMAN,

Interested-Party-Appellant,


versus

2

AUTOMOBILI  LAMBORGHINI EXCLUSIVE, INC.,
AUTOMOBILI  LAMBORGHINI, SPA,
AUTOMOBILI LAMBORGHINI, U.S.A., INC.,
EXCLUSIVE, INC.,

                                        Defendants-Appellees.


_____

Appeals from the United States District Court
for the Southern District of  Florida
_____

**(September 30, 2002)**


Before EDMONDSON, Chief Judge, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal is about fraud on the courts and about sanctions.

Appellants, Brian Neiman ("Neiman"), Saul Smolar ("Smolar") and John Martin ("Martin"), (together "Appellants"), in Case No. 00-12489, appeal the district court's order sanctioning them for perpetration of fraud on the court.  In Case No. 01-13659, Appellants appeal the district court's order awarding more than one and a half million dollars in attorneys' fees and costs to Appellees.  In Case No. 01-15443, Neiman appeals the district court's order denying his motions to enforce an alleged agreement with Automobili Lamborghini USA, Inc. and

3

Automobili Lamborghini, SpA for the liquidation of Neiman's property. We

affirm in part and vacate in part and remand.

BACKROUND

This case began in June 1998, when Martin, as Plaintiff, filed a complaint

against Automobili Lamborghini Exclusive, Inc., Automobili Lamborghini U.S.A.,

Inc., Automobili Lamborghini, SpA, and Prestige Imports, Inc. (together

"Appellees"). Martin alleged claims under the Magnuson-Moss Act, 15 U.S.C.

§ 2310(d), along with several Florida statutory and common law claims. The

claims involved a defective Lamborghini Diablo (the "Diablo") Plaintiff

purportedly purchased.

While pursuing his case in federal court, Martin filed a claim with a Florida

arbitration board pursuant to the Florida Lemon Law. Fla. Stat. § 681.10, et seq.

The federal district court enjoined the arbitration board's proceedings. Plaintiff

appealed the injunction. We ultimately dismissed that appeal as moot.

The case proceeded on in the district court while the appeal of the injunction

was pending here. Discovery in the case was referred to Magistrate Judge Seltzer.

During the course of discovery, Magistrate Seltzer sanctioned Appellants five

separate times. Evidence emerged during discovery that Martin was not the owner of the Diablo and that the lawsuit was filed in bad faith.

Appellees filed a Motion to Dismiss for Fraud upon the Court. At the end of April 1999, the district court referred all pending motions to Magistrate Judge Johnson. After conducting many hearings, Magistrate Johnson issued her 50-page report and recommendation concluding that the action constituted a fraud upon the court. Magistrate Johnson recommended dismissal of the case along with other severe sanctions on Appellants. The district court adopted the report and recommendations and imposed sanctions on Appellants. Appellants appeal from this order.

The district court directed Appellees to submit fee applications and referred the matter to Magistrate Johnson. After receiving Appellees' applications for attorneys' fees, Magistrate Johnson, although indicating that she was not inclined to consider Appellants' ability to pay in setting the sanctions, allowed Appellants to submit evidence on their financial situation. After conducting hearings, including a session on Appellants' financial situation, Magistrate Johnson issued a report and recommendation. She concluded that Appellees should be awarded the amount of fees and costs sought in the fee applications, less certain deductions which the Appellees had made voluntarily at the fee hearings.

5

Magistrate Johnson determined that, under the court's inherent powers, the Appellants' ability to pay the sanctions need not be considered. Magistrate Johnson, however, stated that, even if ability to pay were considered, Appellants had failed to demonstrate they lacked the ability to pay the sanctions. Magistrate Johnson concluded that, with their combined assets, Appellants had the ability to pay the full amount of sanctions. The district court adopted Magistrate Johnson's recommendation and held Appellants jointly and severally liable for more than one and a half million dollars in attorneys' fees and costs. Appellants appeal from this order.

After the district court entered its order quantifying the monetary sanctions, Neiman filed an emergency motion to enforce an alleged agreement with Automobili Lamborghini USA, Inc. and Automobili Lamborghini, SpA to liquidate his personal property. The district court denied the motion. The district court concluded that Neiman had failed to evidence a total agreement between the parties. Neiman then filed a "renewed motion" to enforce this alleged agreement, which the district court denied for the same reasons as the first. Neiman appeals. We discuss each of the appeals in turn.

DISCUSSION

6

•       Imposition of Sanctions (Case No. 00-12489)

Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993). A court also has the power to conduct an independent investigation to determine whether it has been the victim of fraud. See Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L.Ed. 2d 27 (1991); see also In re E.I. DuPont De Nemours & Company-Benlate Litigation, 99 F.3d 363, 367 (11th Cir. 1996) (concluding that district court had jurisdiction to conduct an independent civil action for sanctions based upon allegations of fraud in another case).

We review the district court's imposition of sanctions for abuse of discretion. See Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). To exercise its inherent power a court must find that the party acted in bad faith. See In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995).

We are aware that the sanctions ordered in this case are severe.[1] The sanctions, however, reflect Appellants' continual and flagrant abuse of the judicial process in this case.[2] The district court was clearly justified in imposing severe sanctions against Appellants.

The magistrate judge's report of 50 pages and the district court's order of 22 pages adequately present and address all remaining questions of law and fact. We see no reason to expend further judicial resources repeating what other judges have already written.[3]

---

[1] Appellants were sanctioned in this way:

    1) the case was dismissed with prejudice,

    2) Smolar, Neiman, and Martin have joint and several liability for Appellees' attorneys' fees and costs for the entire action,

    3) Saul Smolar's actions in this case were called to the attention of the Federal Bar and of the Grievance Committee of the Florida Bar in regard to Smolar's action,

    4) Appellants' behavior during the lawsuit was called to the attention of the State Attorney and the United States Attorney to determine if legal violations had been committed.

[2] Among the abuses the magistrate and district courts found to have been perpetrated by Appellants are these acts: 1) misleading the court about the real party in interest in the case, 2) engaging in extensive discovery abuse to obstruct revelation of the known falsities in the complaint, 3) using letters threatening class-action litigation to extort settlement offers from Appellees without any intention of filing a case, and 4) filing with the court many documents where the signatures of lawyers were forged by Neiman.

[3] Because the district court had the authority under its inherent power to sanction Appellants, we do not discuss Appellants' claims in Case Nos. 00-12489 and 01-13659 that the district court erred under 28 U.S.C. § 1927 and the Federal Rules of Civil Procedure when imposing monetary sanctions. See Chambers, 501 U.S. at 50, 111 S. Ct. at 2135-36 (concluding that federal courts are

8

●       Amount of Monetary Sanctions (Case No. 01-13659)

We next consider whether the district court abused its discretion by imposing a monetary sanction of more than one and a half million dollars jointly and severally on Appellants. Each Appellant contends that the district court erred by failing to consider his ability to pay as a limiting factor.[4]

We review for abuse of discretion the district court's imposition of sanctions in a certain amount. See Barnes, 158 F.3d at 1214. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Chicago Tribune Co. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1309 (11th Cir. 2001).

---

not forbidden from sanctioning bad-faith conduct under their inherent power simply because the conduct could also be sanctioned under a statute or the Rules); see also Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001) (stating that, even if monetary sanctions were not justified under Rule 11, the award of sanctions could be affirmed if the sanctions were proper under the court's inherent authority). Smolar also contends that the district court erred by holding him in civil contempt. The magistrate judge recommended that the district court hold Smolar in civil contempt. Although the district court sanctioned Smolar and ordered him to show cause why he should not be held in contempt, the district court did not actually hold Smolar in contempt.

[4]To the extent Appellants claim that they did not receive adequate notice the court would impose monetary sanctions under its inherent powers, and that the district court erred in determining their ability to pay without considering whether some assets would be exempt property under bankruptcy law, the claims are without merit.

This Court has not explicitly determined whether a party's ability to pay must be considered under the court's inherent power to impose a sanction. The Supreme Court has warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44, 111 S. Ct. at 2132. The Supreme Court noted that "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. at 44-45, 111 S. Ct. at 2132-33.

We conclude that, when exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned. Cf. Baker v. Alderman, 158 F.3d 516, 528-29 (11th Cir. 1998) (imposing sanctions under Civil Rights Act and Rule 11); see also Byrne, 261 F.3d at 1098-99 n. 53 (concluding that the district court's consideration of parties' ability to pay sanctions imposed under Rule 11, 28 U.S.C. § 1927, and the court's inherent power was in accord with Baker). The inherent power to impose sanctions allows courts to vindicate their judicial authority, but such power must be used to fashion "an appropriate sanction." Chambers, 501 U.S. at 44-45, 111 S. Ct. at 2132-33.

Sanction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party

10

being sanctioned.  What cannot be done must not be ordered to be done.

Miccosukee Tribe v. South Florida Water Management District, 280 F.3d 1364,

1370 (11th Cir. 2002)(discussing injunctions).  And, sanctions must never be

hollow gestures; their bite must be real.  For the bite to be real, it has to be a sum

that the person might actually pay.  A sanction which a party clearly cannot pay

does not vindicate the court's authority because it neither punishes nor deters.  Cf.

Malautea, 987 F.2d at 1545 (concluding that sanctions imposed under court's

inherent power "justly punished" the offending parties and would hopefully deter

others from engaging in similar conduct).

The magistrate judge and the district court did consider Appellants'

combined financial ability to pay the sanctions issued in this case and determined

that the combined assets of the parties were sufficient to pay the sanctions

imposed.  Because Appellants were held jointly and severally liable, however, each

was individually responsible for the entire obligation.  See Black's Law

Dictionary, 926 (7th ed. 1999) (defining joint and several liability).  Although the

district court correctly determined that each Appellant was liable for stern

sanctions, the court abused its discretion by imposing joint and several liability

without considering whether each Appellant individually had the ability to pay the

sanction.  See Sassower v. Field, 973 F.2d 75, 81 (2d Cir. 1992) (concluding that

imposition of joint liability for full amount of sanctions, imposed in part under the court's inherent authority, was improper in absence of evidence that party's financial resources permitted an award of that size).

Martin's affidavit revealed a net worth of $32,300 and a gross income in 1999 of $43,700. The district court accepted these representations as true. Nothing in the record suggests that Martin is likely to come into serious money in the future. Based upon this record, we now doubt that Martin has the ability to pay a sanction of more than one and a half million dollars, or even his proportionate share of this sanction. For Neiman, if we did not have to remand anyway, we might well say that the record was sufficient to demonstrate no abuse of discretion by the district court. Neiman's affidavit revealed a net worth of more than two million dollars, and he did not appear at the hearing or submit additional evidence showing that he lacked the ability to pay the pertinent sum. Smolar's ability to pay 1.5 million dollars seems the closest question. Although Smolar's affidavit revealed a net worth of $25,415 and an income in 1999 of just over $90,000, he testified that, in 1999, his law office had fee revenues of $939,818. Although Smolar stated that he paid $632,000 of that amount to Neiman, he was unable to provide written financial tabulations for these amounts. Despite these observations, we today make no final decision about ability to pay.

The district court is best suited to determine in the first instance the sanction to be imposed upon each Appellant in the light of their individual financial situation. We therefore vacate the district court's order imposing more than one and a half million dollars in sanctions jointly and severally against Appellants, and we remand for the district court to assess the amount of sanctions against each Appellant as appropriate in the light of his individual resources.[5]

- Denial of Emergency Motions (Case No. 01-15443)

We now consider Neiman's appeal from the district court's orders denying his emergency motions to enforce an alleged agreement with Automobili Lamborghini USA, Inc. and Automobili Lamborghini, SpA for liquidating Neiman's personal property. Neiman contends that the district court erred by denying the motions without an evidentiary hearing or a response from the parties.

---

[5]We do not direct the district court to accept additional evidence or to hold additional evidentiary hearings on Appellants' ability to pay, although we do not prohibit the district court from doing so if it chooses. Magistrate Judge Johnson permitted Appellants to submit evidence of their ability to pay and even conducted a hearing on the subject. Because Appellants were provided an opportunity to build a record on their ability to pay, we leave the matter of further hearings and more evidence to the district court's discretion. We also are not limiting the district court's discretion to impose joint and several liability for the sanctions upon the parties. We only say that a party may not be held jointly liable for an amount of sanctions the party does not have the ability to pay.

Neiman appears to contend that, under the alleged agreement, Automobili Lamborghini USA, Inc. and Automobili Lamborghini, SpA agreed to the appraisal value of the property as the value they would accept in lieu of executing on the property. Nothing in the exhibits submitted by Neiman, however, reflects that Automobili Lamborghini USA, Inc. and Automobili Lamborghini, SpA agreed to waive their rights to execute on the property. We conclude that the district court did not err by concluding that the exhibits failed to reflect a "total agreement" and by summarily denying Neiman's emergency motions without a response or an evidentiary hearing.

CONCLUSION

We AFFIRM the district court's order imposing sanctions in Case No. 00-12489, including dismissal of the case with prejudice, we AFFIRM the district court's order denying Neiman's emergency motions in Case No. 01-15443, and we VACATE the district court's order in Case No. 01-13659 awarding more than one and a half million dollars in attorneys' fees and costs as the joint and several obligation of Appellants. We REMAND for a determination of the amount of each Appellant's sanctions, taking into consideration the person's ability to pay.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.[6]

---

[6]Appellants request that upon remand the case be reassigned to a different district court and magistrate judge to promote neutrality. Appellants have presented no good reason for reassignment.