[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14742
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00086-CV-J-20-MCR

KAWASAKI KISEN KAISHA, LTD.,

Plaintiff-Appellant,

versus

ALL CITY USED AUTO PARTS, INC.,
a foreign corporation, in personam,

Defendant-Cross Claimant-
Cross Defendant-Appellee,

SKYLINE TRADING, INC.,
a foreign corporation, in personam,

Defendant-Cross Defendant-
Cross Claimant-Appellee,

LIPMAN MODEL 227 1 b (ONE), etc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 6, 2009)**

Before BARKETT, PRYOR and COX, Circuit Judges.

PER CURIAM:

Kawasaki Kisen Kaisha, Ltd. ("Kawasaki") appeals the district court's order denying Kawasaki's motion for attorneys' fees. Kawasaki's original complaint was filed in February 2007 and alleged federal subject matter jurisdiction based on 28 U.S.C. § 1332 (diversity jurisdiction), § 1333 (admiralty jurisdiction), and Supplemental Rule B for Certain Admiralty and Maritime Claims. (R.1-1 ¶2.) In Count I, the original complaint alleged that Defendants All City Used Auto Parts, Inc. ("All City") and Skyline Trading, Inc. ("Skyline") asserted competing claims to equipment that was in Kawasaki's possession. Count I pled a claim for interpleader, pursuant to Federal Rule of Civil Procedure 22, against these Defendants and sought payment from these same Defendants for the costs of return freight, demurrage, care, storage, and preservation of the equipment as well as costs and attorneys' fees incurred in the lawsuit. (R.1-1 at 2-6.) Count II of the original complaint sought payment in quantum meruit from these same Defendants for the costs of return

2

freight, demurrage, care, storage, and preservation of the equipment. (R.1-1 at 6-7.) Count III requested that, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the court issue Process of Maritime Attachment and Garnishment, "attaching all of the Defendants' tangible and intangible property, goods, chattels and credits within the District and particularly the Equipment," up to the amount of the costs of return freight. (R.1-1 at 8.)

During the following months, Kawasaki's claims for return freight were settled. In August 2007, Kawasaki sought and received leave of the court to file an amended complaint. The amended complaint pled two claims. As in the original complaint, Count I of the amended complaint stated a claim for interpleader, pursuant to Federal Rule of Civil Procedure 22. Count I of the amended complaint sought costs of the care, storage, or preservation of the equipment and Kawasaki's costs and attorneys' fees incurred in bringing the lawsuit. The amended complaint alleged that jurisdiction over Count I was based upon 28 U.S.C. §§ 1332 and 1333. (R.1-37 at 2-5.) Count II of the amended complaint pled interpleader, pursuant to 28 U.S.C. § 1335. That statute provides an independent basis for federal subject matter jurisdiction. Count II of the amended complaint also sought costs of the care, storage, or preservation of the equipment and Kawasaki's costs and attorneys' fees incurred

3

in bringing the lawsuit. The amended complaint did not seek any admiralty or maritime remedy.

Because it was later determined that the amount in controversy was insufficient to support jurisdiction under 28 U.S.C. §1332 or § 1333, Kawasaki did not pursue Count I of the amended complaint. The district court granted Kawasaki's motion for interpleader on Count II of its amended complaint, the statutory interpleader claim. (R.3-89.)

Kawasaki then moved for attorneys' fees and costs. In its order denying the motion, the district court acknowledged that "Generally, attorney's fees are justified in interpleader actions as the action itself yields a cost-efficient resolution of a dispute in a single forum, rather than having the parties litigate the same issues piecemeal." (R.3-119 at 2.) But, the district court stated, "Notwithstanding this general rule, the Court cannot overlook the fact that this action is an admiralty case, which requires this Court, absent an act of Congress, to apply established maritime law. In this Circuit, it is well established that attorney's fees are generally not awarded in admiralty cases." (R.3-119 at 2.) (citations omitted.)

We review district court decisions regarding awards of attorneys' fees for abuse of discretion. *Atlanta Journal and Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006). "'A district court abuses its discretion if it

4

applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (*quoting Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336 (11th Cir. 2002)). "A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner." *Id.* (*citing Woodard v. Fanboy, L.L.C.*, 298 F.3d 1261, 1268 n.14 (11th Cir. 2002)).

After review of the record, we conclude that the district court erred in finding that this is an admiralty case and thus abused its discretion in denying Kawasaki's motion for attorney's fees. The only claim resolved in this case was for statutory interpleader pursuant to 28 U.S.C. § 1335. Neither the district court's jurisdiction nor the merits of that claim depend in any way on admiralty law. Thus, Kawasaki's motion for attorney's fees should have been considered under the rule that attorney's fees generally are justified in interpleader actions. *See In re Mandalay Shores Co-Op Housing Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994).

The order denying an award of attorneys' fees is vacated and the case is remanded to the district court. The district court should reconsider Kawasaki's motion and make a determination as to the amount of attorneys' fees, if any, that Kawasaki is due under the general rule for statutory interpleader actions.

VACATED AND REMANDED.

5