[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2010
JOHN LEY
CLERK

No. 09-12889
Non-Argument Calendar

_____

D. C. Docket No. 09-20343-CV-PCH

EMILIO PINERO,

Plaintiff,

LAUREN N. WASSENBERG, ESQ.,

Interested
Party-Appellant,

versus

CORP. COURTS AT MIAMI LAKES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Attorney Lauren Wassenberg appeals the district court's order affirming the magistrate judge's imposition of a monetary sanction against her for violating the magistrate's scheduling order.[1]  No reversible error has been shown; we affirm.

Here, Defendant (Corporate Courts at Miami Lakes, Inc.) moved for a settlement conference.  The magistrate issued an order scheduling the conference. In pertinent part, the scheduling order stated these things:

> The Settlement Conference <u>shall</u> be attended by all parties, corporate representatives, and their counsel of record.  Each side shall have a party representative present with <u>full authority</u> to negotiate <u>and finalize</u> any settlement agreement reached.  Failure of a party representative <u>with full and final authority</u> to make and accept offers of settlement to attend this conference, may result in the undersigned's <u>sua</u> <u>sponte</u> recommendation that sanctions be entered against the offending party.
>
> . . .
>
> **<u>SANCTIONS WILL BE IMPOSED FOR FAILURE TO FOLLOW ANY OF THE REQUIREMENTS OF THIS ORDER</u>**.

Wassenberg arrived at the scheduled conference but Pinero did not. Wassenberg explained to the magistrate that she did not think Pinero's personal presence was necessary given that he had executed a limited power of attorney

---

[1]Wassenberg represented Emilio Pinero in Pinero's discrimination suit brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182.

which gave her full settlement authority.  The magistrate noted that this arrangement was unacceptable and refused to allow Pinero to appear by phone or to reschedule the conference for later in the afternoon when Pinero could be present because it conflicted with other scheduled hearings.  The magistrate imposed a $2500 sanction against Wassenberg for her willful failure to have Pinero attend the conference.  The district court affirmed the sanction.

On appeal, Wassenberg argues that the sanction was an abuse of discretion because the language of the scheduling order did not require Pinero's personal presence.[2]  We review the imposition of sanctions for an abuse of discretion.  In re Mroz, 65 F.3d 1567, 1571 (11th Cir. 1995).

The magistrate's scheduling order clearly did require Pinero's personal presence at the settlement conference:  it stated that the conference "<u>shall</u> be attended by all parties, corporate representatives, and their counsel of record." That the order provided in the next sentence that "[e]ach side shall have a party representative present with full authority to negotiate and finalize any settlement agreement reached," did not negate the earlier sentence that required "all parties" to attend.  It was not inherently contradictory for the magistrate to order both the

_____

[2]Wassenberg does not challenge the portion of the district court's order dismissing the case without prejudice or ordering Pinero to pay Defendant's reasonable costs and attorney's fees.

3

parties themselves and the parties' authorized representatives to appear. Any ambiguity in the order was clarified by the local rule, which requires the attendance of all parties at settlement conferences unless otherwise excused by the presiding judge. S.D.Fla.L.R. 16.2(e) (explaining that "[f]ailure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court").

Wassenberg's next argument -- that the limited power of attorney met the requirement that Pinero personally attend -- challenges the magistrate's authority to require a represented party to attend a settlement conference in person even when that party has sent a representative with full settlement authority. We conclude that the court had both actual and inherent authority to order Pinero's personal presence. As noted, actual authority existed under Local Rule 16.2(e). We give "great deference to a district court's interpretation of its local rules;" we will not "second-guess" the district court on such grounds. Clark v. Hous. Auth. of Alma, 971 F.2d 723, 727-28 (11th Cir. 1992).

While Fed.R.Civ.P. 16[3] "does not explicitly authorize [district courts] to issue orders directed at represented parties," we have concluded that "to ensure that

---

[3]Rule 16(a) provides that "the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences," including settlement conferences.

the goals of Rule 16 are not frustrated," district courts have the inherent authority "to order any party . . . retaining full settlement authority . . . to produce an individual at the pretrial conference substantially prepared to discuss settlement options; this individual may be the party himself." See In re Novak, 932 F.2d 1397, 1406-07 (11th Cir. 1991); see also Link v. Wabash R.R. Co., 82 S.Ct. 1386, 1389 (1962) (noting that district courts have "'inherent power' not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Wassenberg also argues that the sanction was excessive. We review for an abuse of discretion "the district court's imposition of sanctions in a certain amount." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002).

Pursuant to Fed.R.Civ.P. 16(f)(1)(A), "the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." And under Fed.R.Civ.P. 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with [Rule 16]." The magistrate cited both of these provisions in its sanctions order.

5

We cannot say that the $2500 sanction -- either as a court penalty or Defendant's costs and attorney's fees or a mixture of both -- constituted a "clear error of judgment" by the magistrate.  See Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288 (11th Cir. 2009) (explaining that there is a range of choices for the district court and, under abuse-of-discretion review, we will not reverse as long as the court's decision does not amount to a clear error of judgment).  The amount is not an unreasonable calculation of what it cost Defendant to have its lawyer prepare for and attend the settlement conference; nor is it exorbitant when considered as a court penalty imposed to vindicate the integrity of the court and deter future violations.  And Wassenberg does not allege that she is financially unable to pay the sanction.  See, e.g., Martin, 307 F.3d at 1337 ("[s]anction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned").

AFFIRMED.