[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13454
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00681-CV-FTM-29SPC

ROY J. MEIDINGER,

                                             Plaintiff-Appellee,

                        versus

HEALTHCARE INDUSTRY OLIGOPOLY,

                                             Defendant,

LEE MEMORIAL HOSPITAL,
d.b.a. Lee Memorial Health System,

                                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Lee Memorial Health System ("Lee Memorial") appeals the district court's denial of its motions for sanctions, filed after Roy J. Meidinger brought a *pro se qui tam* complaint on behalf of the United States against Lee Memorial under the False Claims Act, 31 U.S.C. § 3729 *et seq.* On appeal, Lee Memorial argues that the district court improperly denied its motions for sanctions under Rule 11 because: (1) it failed to rule on the first motion for sanctions before entering judgment; (2) it failed to reinstate Lee Memorial's first motion for sanctions after reopening the case; (3) it failed to make findings of fact or conclusions of law sufficient to enable meaningful appellate review; and (4) its finding that Meidinger's action was not barred by *res judicata* was based on an erroneous view of the law or facts. Lee Memorial also argues that the district court abused its discretion in failing to award sanctions pursuant to 28 U.S.C. § 1927 or pursuant to the court's inherent authority.

**Rule 11**

We review a district court's order denying a motion for sanctions under Rule 11 for an abuse of discretion. *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (citation omitted).

2

Rule 11 provides in part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). "Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989). No error by the district court is grounds for disturbing a judgment or order if the error does not affect a party's substantial rights. Fed. R. Civ. P. 61.

To the extent that Lee Memorial argues that the district court erred in failing to rule on its first motion for Rule 11 sanctions before entering the judgment dismissing Meidinger's case, its argument is meritless. A court can rule on a motion for Rule 11 sanctions after the principal suit has been terminated. *Willy v. Coastal*

3

*Corp.*, 503 U.S. 131, 132, 138, 112 S. Ct. 1076, 1077-78, 1080-81 (1992). And, Lee Memorial cannot show that its substantial rights were affected by the failure of the district court to rule on the first motion for sanctions before dismissal or by the court's decision not to reinstate the first motion for sanctions upon reinstatement of the lawsuit. Lee Memorial filed a subsequent motion for sanctions on the same grounds, and the court ruled on that motion.

The parties agree that the district court found that sanctions were not warranted because Meidinger's action was not barred by *res judicata*. "A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata." *Thomas*, 880 F.2d at 1240. Whether *res judicata* bars a plaintiff's claim is a question of law we review *de novo*. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). In determining whether sanctions are appropriate based on the doctrine of *res judicata*, the district court first must determine that the elements of *res judicata* are present. *Thomas*, 880 F.2d at 1240.

We hold that the district court did not abuse its discretion in denying Lee Memorial's motion for sanctions under Rule 11. The court stated, "The instant case involves claims made from January 1, 1999 through 2006. The only prior case in which a final judgment on the merits was issued . . . did not involve claims between these dates." (R.5-161 at 4.) While brief, this statement by the district court is

4

sufficient for this court to review the district court's rejection of the *res judicata* argument. Lee Memorial does not demonstrate that the district court's determination that this action raised challenges to transactions distinct from those involved in the prior suit was based on an erroneous view of the law or a clearly erroneous assessment of the evidence. And, while the district court's opinion did not articulate reasons for rejecting Lee Memorial's other arguments that Meidinger's claims were frivolous, we conclude that the record does not compel an award of sanctions pursuant to Rule 11.

## **28 U.S.C. § 1927**

We review a district court's decision regarding sanctions under § 1927 for an abuse of discretion. *See Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). The United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. We have held that the plain language of the statute imposes three essential requirements: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a "financial nexus to the excess proceedings." *Peterson v. BMI*

5

*Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). We also have stated that § 1927 must be "strictly construed" because it is "penal in nature." *Id.* at 1395.

This court has not addressed the question of whether sanctions under § 1927 could apply to a *pro se* litigant like Meidinger. For the purposes of this appeal, we assume without deciding that the statute could apply to *pro se* litigants.

Even so, we hold that the district court's decision not to impose sanctions on Meidinger under § 1927 was not an abuse of discretion. Lee Memorial sought sanctions pursuant to the statute on the sole basis that, as an unrepresented *qui tam* relator, Meidinger filed motions in a *pro se* capacity, though *pro se* status is not allowed *qui tam* relators. (R.5-138.) In response to Lee Memorial's motion requesting § 1927 sanctions, the district court struck Meidinger's *pro se* filings, enjoined Meidinger from making additional *pro se* filings, granted Meidinger time to retain counsel, and denied Lee Memorial monetary sanctions. (R.5-157.) We find no abuse of discretion in these decisions.

## Inherent Authority

We review a district court's ruling on a request for sanctions under its inherent authority for an abuse of discretion. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237-38 (11th Cir. 2007). "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose

reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation omitted). In order to exercise its inherent power to award sanctions, the court must find that a party acted in bad faith. *Id.*

The district court did not abuse its discretion in declining to sanction Meidinger pursuant to its inherent authority. The record does not compel a finding that Meidinger acted in bad faith.

AFFIRMED.