SPRINT SOLUTIONS, INC. and Sprint Communications Company, L.P., Plaintiffs,

v.

Kedner FILS–AMIE and Paul Fils–Amie, Jr., individually and d/b/a We Buy Phones, Defendants.

Case No. 14–60224–CIV.

United States District Court, S.D. Florida.

Signed March 19, 2015.

Gail Podolsky, Carlton Fields PA, Atlanta, GA, James Blaker Baldinger, Stacey

---

Kim Sutton, Carlton Fields PA, West Palm Beach, FL, for Plaintiffs.

Sue–Ann Nicole Robinson, Robinson Caddy Law, Ft. Lauderdale, FL, for Defendants.

## *ORDER FIXING AMOUNT OF SANCTIONS*

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon its prior Order Granting Motion for Sanctions [DE 85] ("Order"). The Court has reviewed the Order, Defendants' financial affidavits submitted in response thereto, and the record in this case, and is otherwise advised in the premises.

In the Order, the Court determined that a sanction of judgment and attorneys' fees against Defendants was appropriate in light of Defendants' perjurious and obstructive litigation conduct. *See* Order at 12–14. However, concerned that Defendants would be unable to pay the fees incurred by Plaintiffs (collectively, "Sprint"), and desiring to avoid the issuance of a hollow sanction with no real chance of satisfaction, the Court ordered Defendants to submit sworn affidavits regarding their financial circumstances, so that a realistic order of sanctions could be tailored to Defendants' means. *Id.* at 14–15 (citing *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1336–37 (11th Cir.2002) (per curiam)).

Defendants have now filed their financial affidavits. However, to the Court's dismay, the affidavit of Defendant Paul Fils–Aime ("Paul"), like many of his prior representations in this case, is not credible. Paul's affidavit reflects no present income, income of only $1,300 per month from April 2014 through October 2014, a negative balance of $436 in a checking account, assets including only a 1996 Toyota Corolla worth $1,600, and monthly expenses of $245. *See* DE 86 at 3–7.

However, Paul has also submitted bank records reflecting multiple cash deposits of approximately $1,000 during a one-month period for which he reported no income in the affidavit (*see* DE 86 at 9–10), many retail expenditures in the hundreds of dollars,[1] and what appear to be payments on a gym membership (*e.g., id.* at 10), among other transactions. Further, in a taped conversation with Defendant Kedner Fils–Aime ("Kedner") on August 6, 2014, Paul told Kedner that a $500 per month car payment would not cause him trouble, because he was "bringing in $1,000 a week." DE 70–6 at 3. Paul's affidavit does not reflect this level of income. The Court thus finds that Paul's affidavit does not illustrate his actual income, assets, or expenses, and is of little use in determining his ability to bear sanctions.

On the other hand, Kedner, who is presently incarcerated, has filed an affidavit listing past income of $1,000 per month during an unspecified period, $214.02 in a checking account, and a 2007 Toyota Corolla of indeterminate value as his only other asset. DE 86 at 17–20. Kedner has also filed bank statements reflecting assets on a scale relatively consistent with the assertions on his affidavit. *See id.* at 21–26.

---

1. A sampling of such expenditures:
   $400.89 at Publix Supermarket on November 17, 2014 (DE 86 at 15);
   $500.89 at Publix Supermarket on November 17, 2014 (*id.*);
   $450.89 at Publix Supermarket on December 15, 2014 (*id.* at 9);
   $500.89 at Publix Supermarket on December 15, 2014 (*id.*);
   $528.94 at the Apple Store on December 31, 2014 (*id.* at 10); and
   $500.89 at Publix Supermarket on January 5, 2015 (*id.* at 13).

In its Order, the Court provided Defendants with an opportunity to demonstrate their financial means, to avoid the imposition of sanctions in an amount far exceeding those means. Paul, by submitting a statement of his finances that plainly does not to reflect his actual income and assets, has failed to take advantage of this opportunity. Accordingly, in light of evidence that Paul enjoys substantial cash income, and because the Court does not find his averments of limited means to be credible, the Court will enter judgment against Paul in the full amount of costs and fees requested by Sprint: $177,025.32.[2]

However, Kedner appears to have fewer resources. His status as an inmate with Florida's Department of Corrections and his bank records support the contentions in his affidavit that he lacks substantial assets or income. The Court therefore will limit Kedner's liability for the expenses incurred by Sprint. Nevertheless, Kedner did willfully collude with Paul to deceive Sprint's counsel and provide false testimony in these proceedings, which calls for some degree of punishment, deterrence, and compensation. The Court finds that the amount of $10,000 is an appropriate sanction against Kedner.

The Court notes that the disparity in the amount of sanctions against Paul and Kedner is supported not only by the evidence relating to their finances, but also by their relative culpability. Transcripts of discussions between Paul and Kedner reflect that Paul was the driving force behind the brothers' litigation misconduct, and that Paul pushed Kedner to lie to Sprint's attorneys. *See* DE 70–1 at 3–4. Sprint has also provided evidence—notwithstanding Defendants' refusal to participate meaningfully in discovery—of Paul's involvement with the telephone-trafficking scheme forming the basis for this suit. *See, e.g.,* DE 70 at 10–14. Paul therefore was the main bad actor in Defendants' litigation misconduct, and also appears to bear more responsibility than Kedner for the events giving rise to this suit. Assessing a heavier sanction against Paul is reasonable and appropriate under the circumstances of this case. Accordingly, it is

**ORDERED AND ADJUDGED** that the Court will fix a sanction against Defendants for $177,025.32. Kedner's individual liability for this amount will be capped at $10,000.00. The Court will enter a separate final judgment consistent with this ruling.

**DONE AND ORDERED.**

---

**2.** The Court has reviewed Sprint's submissions in support of the costs and fees it seeks. *See* DE 81. In light of Defendants' conduct, which has needlessly multiplied these proceedings and has forced Sprint's counsel to expend significant effort, the Court finds the amount requested by Sprint to be reasonable, both in time expended and associated rates. This conclusion is reinforced by Defendants' failure to oppose Sprint's computations, despite an invitation from the Court to do so. *See* DE 80 at 12.