# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-50327
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2019

Lyle W. Cayce
Clerk

ALICIA CLUCK,

      Plaintiff - Appellant

v.

METROCARE SERVICES - AUSTIN, L.P., A subsidiary of MetroCare EMS, Incorporated, a subsidiary of Acadian Ambulance Services, Incorporated, and a subsidiary of Acadian Ambulance Services of Texas, L.L.C.; A Texas corporation; METROCARE EMS, INCORPORATED; METROCARE EMS, L.P.,

      Defendants - Appellees

*********************************************************************

ALICIA CLUCK,

      Plaintiff - Appellant

v.

METROCARE SERVICES - AUSTIN, L.P.; METROCARE EMS, INCORPORATED

      Defendants - Appellees

No. 19-50327

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1216
USDC No. 1:17-CV-33

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiff Alicia Cluck contests the district court's award of attorney's fees to defendant MetroCare Services – Austin, L.P. Because her arguments that the award was improper are meritless, we AFFIRM.

**I.**

This case began in state court in 2007. In 2012, while the state-court case was ongoing, MetroCare Services' registration as a limited partnership was terminated. In 2016, the case was removed to federal court under federal-question jurisdiction, as some of Cluck's claims implicated the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. In 2018, the district court granted partial summary judgment to MetroCare Services and remanded the case to state court for resolution of the remaining state-law claim.

MetroCare Services then moved the district court for attorney's fees under ERISA's fee-shifting provision. The magistrate judge recommended assessing an award of attorney's fees against Cluck and her attorneys, and the district court adopted the recommendation in part, assessing the attorney's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50327

fees solely against Cluck. Cluck then filed a motion, which the district court construed as a motion for reconsideration and denied. Cluck timely appealed.

## II.

Under ERISA, the district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has interpreted this language to mean that a district court has discretion to award attorney's fees "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

We review a district court's award of attorney's fees under this provision for abuse of discretion. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018). And we review a district court's ruling on a motion for reconsideration under that same standard. *See Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 128 (5th Cir. 2019).

On appeal, Cluck does not dispute that MetroCare Services achieved some degree of success on the merits. Rather, she argues first that MetroCare Services cannot seek attorney's fees because it no longer exists and second that the award of attorney's fees violated her due-process rights. Neither argument is persuasive.

MetroCare Services was organized under Texas law, which states that a terminated entity "continues in existence," for certain enumerated purposes, for three years from the date of its termination. Tex. Bus. Orgs. Code Ann. § 11.356(a). Cluck argues that because MetroCare Services was terminated in 2012, its 2018 request for attorney's fees fell outside this three-year period and thus was improper. But Cluck ignores that the same Texas statute also provides that if an action is brought by or against a terminated entity before

the three-year period elapses, the entity "continues to survive for purposes of . . . the action until all judgments, orders, and decrees have been fully executed." § 11.356(c). Because this action has been ongoing since before MetroCare Services' termination, Cluck's first argument fails.

Cluck's second argument is that the district court violated due process by ordering her to pay attorney's fees without first determining her financial wherewithal. But we have previously said that, in the ERISA context, a district court "is not required" to consider "the ability of the opposing parties to satisfy an award of attorneys' fees." *N. Cypress*, 898 F.3d at 485 (quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)); *accord Hardt*, 560 U.S. at 254-55.

In arguing to the contrary, Cluck relies on out-of-circuit caselaw pertaining to the imposition of sanctions. *See, e.g.*, *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002) ("[W]hen exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned."). Yet an award of attorney's fees under ERISA is not a sanction. Such an award is possible whenever one party achieves "some degree of success on the merits," *Hardt*, 560 U.S. at 255, and the availability of fees does not depend on the other side's "culpability or bad faith," *id.* at 249 n.1; *see id.* at 254-55. Cluck's authorities are inapposite.

## III.

For the foregoing reasons, the orders of the district court are AFFIRMED.