[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13532

Non-Argument Calendar

_____

ELIAS E. ONIHA,

Plaintiff-Appellant,

versus

DELTA AIR LINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-05272-LMM

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Elias Oniha appeals the with-prejudice dismissal of his employment-discrimination complaint against Delta Air Lines on account of his severe litigation misconduct and bad faith throughout the district court proceedings. Because the district court did not err in finding that Oniha fabricated key evidence and lied about it, and because the court acted within the bounds of its inherent authority in dismissing Oniha's case, we affirm.[1]

I

The district court imposed the sanction of dismissal based on its factual findings that Oniha fabricated key evidence and perjured himself when questioned under oath about that fabrication. These findings were not erroneous—much less clearly erroneous.

First, Oniha's fabrication. After Oniha's June 14, 2019 incident with airport security—during which he refused to allow a security officer to inspect his lunch container—he composed and sent a letter to his supervisors that recounted the incident from his perspective. This letter—the "First Statement"—briefly refers to a

---

[1] We review for abuse of discretion a district court's decision to impose sanctions under its inherent power. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303 (11th Cir. 2009). A court abuses its discretion when it makes findings of fact that are clearly erroneous or applies the wrong legal standard. *Id.*

21-13532                Opinion of the Court                3

Delta security officer, later identified as George Taylor, but makes no reference to any discriminatory statements about Nigerians and says only that Taylor stopped at the scene of the confrontation to ask what was going on and give Oniha advice about security checkpoints.

After Oniha was fired on July 20, 2019 for improperly using his security badge to exit and reenter secure areas of the airport, he created a new version of the letter he'd sent to Delta about the June 14, 2019 incident. This letter—which we'll call the "Second Statement"—purports to be the original letter: It is dated June 14, 2019, contains the heading "Subject: Security Incident Report," and addresses his "superiors" at Delta. *See* Doc. 44-4 at 1. But unlike the statement that Oniha actually sent to Delta, this document omits the description of Taylor's helpful conduct and replaces it with an allegation that Taylor said he would "make sure" that Oniha gets fired and that "NIGERIANS ARE CRIMINALS." *Id.* A subsequent forensic computer examination revealed that Oniha created the Second Statement on July 23, 2019—three days after he was fired—and modified it as recently as October 14, 2019. Oniha's explanation that the Second Statement was merely a personal record—an explanation that came only *after* Delta discovered the discrepancies—is implausible. The district court did not err in finding that Oniha fabricated this crucial[2] evidence.

_____

[2] While Oniha argues that the Statements were unimportant because he never utilized or intended to utilize them, *see* Br. of Appellant at 31, the district court

4                    Opinion of the Court                    21-13532

Second, Oniha's misrepresentations and perjury. After litigation began, Delta served Oniha with Requests for Production of Documents (RPDs). RPD No. 31 requested "[a]ny and all notes, diaries, calendars, or other documents" that mention Delta or Delta employees. Doc. 44-3 at 20. Oniha represented that he did "not possess responsive, non-privileged, and non-protected documents responsive to Request No. 31." *Id.* But Oniha responded that he *did* have and would attach documents responsive to RPD No. 3, which asked for "[a]ny and all documents evidencing any complaint or expression of concern by Plaintiff to Delta, or any employee of Delta, that he had been the victim of discrimination or retaliation at Delta." *Id.* at 6. Oniha did not provide the First Statement, but he attached the Second Statement with no qualification that it wasn't the letter he sent to Delta.

To make matters worse, after he was confronted with his misrepresentations, Oniha lied under oath when he was deposed by Delta with respect to the First and Second Statements. He stated that after sending the First Statement on June 14, 2019, he saved it to a flash drive and transferred it to his personal computer, where he edited it that same day to create the Second Statement for his personal records to help his case. During the deposition, he also stated that he retained copies of both statements on his home

_____

properly found that the Second Statement purports to be a document—the only contemporaneous documentary evidence—supporting Oniha's assertion that his firing was motivated by discriminatory animus, which is a pivotal component of a discriminatory-termination claim.

computer.[3] Subsequent forensic examination of Oniha's computer revealed both of these statements to be false: He created the Second Statement on July 23—after he was fired—and the original First Statement was nowhere to be found. While Oniha now claims that his false testimony about the origin of the Statements was merely the result of "mistake, confusion, or faulty memory," the district court's conclusion that Oniha destroyed the First Statement, fabricated the Second Statement months after the incident, and knowingly provided false testimony is more plausible—and certainly not clearly erroneous.

## II

The district court did not err as a matter of law when it dismissed Oniha's case. Courts have the inherent power to fashion appropriate sanctions for abuses of the judicial process, including the severe sanction of outright dismissal of a lawsuit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "To exercise its inherent power a court must find that the party acted in bad faith." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). Dismissal with prejudice "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions

---

[3] Of course, if Oniha really did have copies of both the First and Second Statements on his home computer, this would render the fact that he initially produced only the Second Statement even more problematic.

would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (quotation marks omitted). This sanction "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.*

The district court correctly applied this legal standard. The court properly found that Oniha's fabrication of critical evidence and false statements when questioned about that fabrication constitute bad faith. These actions also constitute a "clear pattern" of "contumacious conduct" sufficient to warrant dismissal with prejudice. *Betty K Agencies*, 432 F.3d at 1338.[4] And this is a case where the "party, as distinct from counsel, is culpable," *id.*: Oniha discarded the First Statement and gave his counsel the Second Statement, and then lied about his actions. Moreover, the district court "specifically f[ound] that lesser sanctions would not suffice." *Id.*

---

[4] On appeal, Oniha argues that fabricating evidence and committing perjury about that evidence do not constitute the "fraud on the court" necessary for a finding of bad faith—which, he argues, "requires falsehoods that mire judicial machinery." Br. of Appellant at 31–32 (citing *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551–52 (11th Cir. 1985)). This argument fails for two reasons. First, courts have held that fabricating critical evidence and lying about it, in at least some cases, *does* constitute a "fraud on the court." *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118–19 (1st Cir. 1989). Second, the "fraud on the court" standard comes from our precedents interpreting the requirements for a motion for relief from judgment, *not* the conditions under which a court may exercise its inherent power to dismiss a pending case—which are governed by our decision in *Betty K Agencies*. *See Travelers Indem.*, 761 F.2d at 1550–1551 (citing Fed. R. Civ. P. 60(b)).

21-13532                Opinion of the Court                7

The court considered possible monetary sanctions, exclusion of the fabricated evidence, and dismissal of only the claim that relied on the fabricated evidence. The court did not abuse its discretion in concluding that given the severity of Oniha's misconduct, no sanction short of complete dismissal would be sufficient to deter future misconduct and "vindicat[e] judicial authority."[5] *Chambers*, 501 U.S. at 46.

★ ★ ★

Because the district court's findings of fact with respect to Oniha's fabrication of evidence and perjury were not clearly erroneous, and because the court did not apply an incorrect legal standard in dismissing the case with prejudice, it did not abuse its discretion.

AFFIRMED.

---

[5] Nor did the district court deprive Oniha of due process when it dismissed his case. Even assuming that the district court was required to hold a hearing prior to imposing this sanction, *see* Br. of Appellant at 22, the district court *did* hold a hearing, where Oniha presented his objections at length. *See* Doc. 58. In fact, Oniha's attorney even stated that, given this opportunity, "the issue of not having a hearing is no longer an issue." *Id.* at 5.