[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10976

Non-Argument Calendar

_____

CEDRICK FRAZIER,
TAMARA FRAZIER,

Plaintiffs-Appellants,

*versus*

SOUTHEAST GEORGIA HEALTH SYSTEM, INC.,
SHERMAN A. STEVENSON,
COOPERATIVE HEALTHCARE SERVICES, INC.,
d.b.a. Southeast Georgia Physician Associates-Ear,
Nose, & Throat,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:21-cv-00021-LGW-BWC

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Cedrick and Tamara Frazier appeal the dismissal with prejudice of their medical malpractice suit against Southeast Georgia Health System, Inc., Dr. Sherman Stevenson, and Cooperative Healthcare Services ("Defendants"). The district court dismissed the lawsuit under its inherent powers after it found that the Fraziers had fabricated evidence. Both the magistrate judge and the district judge comprehensively set out the relevant facts and conducted a thorough analysis. We write only for the parties who are already familiar with the facts. For these reasons, we include only such facts as are necessary to understand our opinion.

We review a district court's decision to impose sanctions under its inherent power for abuse of discretion. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303 (11th Cir. 2009). Discretion means the district court has a "range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005) (internal quotation marks omitted). "The

district court's findings of fact—including determinations of the credibility of witnesses and weight of the evidence—will not be set aside unless they are clearly erroneous." *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 592 (11th Cir. 2007).

Courts have the inherent power to police those appearing before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2133 (1991). A court also has the power to conduct an independent investigation to determine whether it has been the victim of fraud. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 503 U.S. at 43, 111 S. Ct. at 2132 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389 (1962)). It "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45, 111 S. Ct. at 2132–33. "A court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382, 133 S. Ct. 1166, 1175 (2013)). "The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole." *Id.*

We have stated that the "key to unlocking a court's inherent power is a finding of bad faith." *Sciarretta v. Lincoln Nat'l Life Ins.*, 778 F.3d 1205, 1212 (11th Cir. 2015). And we have noted that courts have held that fabricating evidence and lying about it constitutes fraud on the court. R*ozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[1]

Dismissal with prejudice "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (quotation marks omitted). It is a sanction "thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.*

We conclude that the district court did not abuse its discretion when it invoked its inherent powers and dismissed the lawsuit. Although the Fraziers make a series of arguments regarding the decision, none are persuasive.

First, they argue that the court below erred when it found that they fabricated the evidence.[2] However, as both the district

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] To the extent that the Fraziers argue the question of the fabrication of the evidence should have been one for a jury, we reject that argument. The court had the power to investigate whether it had been the victim of fraud, *see*

24-10976                Opinion of the Court                    5

court and the magistrate court discussed in great detail, the evidence was clear that the video was not created in Dr. Stevenson's examination rooms based on a comparison of the proffered video and a video made later for the purposes of this investigation with the cooperation of both parties.  And yet the Fraziers testified that that is where the video was created without any plausible explanation of how the light fixtures (inset in the ceiling), air vents, wall color, counter color, or cabinet hardware could differ so drastically.  Further, the only evidence that they produced to show that the video was created on the date they alleged it was created on was a screenshot, which even their expert witness admitted could have been fabricated fairly simply.  Combined with the fact that this video was not referenced by the Fraziers until the Second Amended Complaint—despite being the proverbial smoking gun that would prove their case of malpractice—and the fact that it had been conveniently deleted from Mr. Frazier's cellphone, the evidence amply supports the district court's finding that the video was not created where and when the Fraziers testified it was made or showed what it purported to show.[3]

---

*Martin*, 307 F.3d at 1335-36, and as such was empowered to hold the hearing and make the factual findings before a jury could be exposed to potential fabricated evidence.

[3] To the extent the Fraziers complain that they received insufficient notice in order to prepare for the hearing, we reject that argument as frivolous.  The motion was extensively briefed by the parties before the hearing before the magistrate and the Fraziers have not pointed to any surprises they suffered at the hearing.

Second, the Fraziers argue that district court did not find a clear pattern of delay or willful contempt and they attempt to attack the order by distinguishing the cases the court relied upon. But the simple fact is that the court—based upon ample evidence—properly found the Fraziers fabricated and attempted to rely on a piece of evidence that would prove their case, and continued to testify as to its veracity, showing a clear pattern of willful contempt for the proceedings. *See Betty K Agencies*, 432 F.3d at 1338.[4] For that reason, the dismissal was warranted, and the court did not abuse its discretion.[5]

Because the district court did not abuse its discretion when it dismissed the case, the judgment of the district court is

AFFIRMED.

---

[4] Although the Fraziers argue that we should remand the case so that they may file a sanctions motion against the Appellees, they have not shown how the Appellees' actions amounted to fraud on the court. The fraud which the Fraziers allege apparently relates to the medical records with respect to February 6, 2020, and whether there actually was an examination of Mr. Frazier on that date. However, the Fraziers' brief on appeal is so vague with respect to a description of Appellees' alleged actions and so vague with respect to any possible relevance of the matter to the issues on appeal that we cannot conclude that the district court abused its discretion in its handling of the matter.

[5] Because we affirm the dismissal of the Fraziers' suit, we need not address the other issues raised by the Fraziers.