[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2010
JOHN LEY
CLERK

No. 08-15061

D.C. Docket No. 07-21308-CV-ASG

DAVID DERMER,

Plaintiff–Appellee,

versus

MIAMI-DADE COUNTY,
a political Subdivision
of the State of Florida,
MIAMI-DADE COUNTY BOARD OF COMMISSIONERS,

Defendants–Appellants,

BILL MCCOLLUM,

Defendant.

Appeal from the United States District Court
for the Southern District of Florida

(March 15, 2010)

Before WILSON and ANDERSON, Circuit Judges, and RESTANI,[*] Judge.

RESTANI, Judge:

In May 2007, Plaintiff-Appellee David Dermer sued Defendant-Appellant Miami-Dade County, inter alia, for declaratory and injunctive relief against Ordinance 06-167 ("the Ordinance") on the ground that it violated his right to free speech under the First Amendment. Miami-Dade now appeals from an order of the United States District Court for the Southern District of Florida that partially granted Dermer's cross-motion for summary judgment and permanently enjoined enforcement of the Ordinance on the ground that it is unconstitutional.[1] We reverse and hold that the first and second causes of action of Dermer's complaint, to the extent they pertain to the Ordinance, are not justiciable because Dermer lacks standing, and his claims are not ripe.

## BACKGROUND

In November 2006, the Miami-Dade County Board of County Commissioners enacted the Ordinance, which amended section 12-23 of the Code

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

[1] Dermer also challenges the constitutionality of Ordinance 06-168. Although Dermer's cross-motion sought summary judgment on both Ordinance 06-167 and Ordinance 06-168, the district court reserved ruling on Ordinance 06-168 pending the Florida Supreme Court's decision in another case. Dermer v. Miami-Dade County, *43 (No. 07-21308, Aug. 1, 2008) (unpublished opinion).

of Miami-Dade County. See Miami-Dade County, Fl., Ordinance 06-167 (Nov. 28, 2006) ("Ordinance 06-167"). The Ordinance provides:

> It shall be unlawful for any person, entity, or elector intentionally to make or cause to be made any false statement concerning the contents or effect of any petition for initiative, referendum, or recall submitted pursuant to Article 7 of the Miami-Dade County Home Rule Charter to any person who is requested to sign any such petition or who makes an inquiry with reference to any such petition and who relies on such statement.

Ordinance 06-167. The Ordinance also provides that "[a]ny person, entity, or elector convicted of a violation of . . . this Code shall be punished by a fine not to exceed five hundred dollars ($500.00) or by imprisonment . . . [of] not more than sixty (60) days, or by both such fine and imprisonment." Ordinance 06-167.

Dermer, a former mayor of Miami Beach, is a resident and registered voter of Miami-Dade County. Dermer claims that he was actively engaged in local politics, specifically past referendums and initiatives, but is now fearful to participate because of the Ordinance. Dermer sued Miami-Dade County seeking declaratory and injunctive relief on the ground that the Ordinance violates his rights under the First Amendment.

In Dermer v. Miami-Dade County (No. 07-21308, Aug. 1, 2008) (unpublished opinion), the district court denied Miami-Dade's motion for summary judgment and granted Dermer's cross-motion for summary judgment,

finding that Dermer had standing because he "read [the Ordinance] and believes that it has a chilling effect on his willingness to participate in any current referendums or to become involved in any initiating of a referendum on any of the important matters of public interest about which he cares deeply." Id. at *5. The district court held that the Ordinance was unconstitutional because it was overbroad on its face, vague, and failed a strict scrutiny analysis. Id. at *29, *33, *36. The court then struck down the Ordinance in its entirety because the court concluded that it could not sever "the unconstitutional provisions and leave in place an ordinance that is complete." Id. at *38.

## JURISDICTION AND STANDARD OF REVIEW

"This Court has jurisdiction to entertain appeals of [i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing, or dissolving injunctions" under 28 U.S.C. § 1292(a)(1). United States v. Kaley, 579 F.3d 1246, 1252 (11th Cir. 2009) (internal quotation marks and citation omitted). A court, however, lacks subject matter jurisdiction to hear a case if the requirements of Article III of the Constitution are not satisfied. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). Thus, a court must first address "the threshold question whether appellees have alleged a case or controversy within the meaning of Art. III of the Constitution or only abstract questions not currently justiciable by

4

a federal court." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 297 (1979); see Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1339–40 (11th Cir. 2000). To allege a justiciable cause of action, a plaintiff must plead facts that are sufficient to confer standing and demonstrate that the claim is ripe for determination. See Ass'n for Children for Enforcement of Support, Inc. v. Conger, 899 F.2d 1164, 1165 (11th Cir. 1990). We review "questions concerning our subject matter jurisdiction, including standing and ripeness" de novo. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006).

**DISCUSSION**

In a case involving pre-enforcement review, there is often "doctrinal overlap between standing and ripeness analysis" because these claims "involve the possibility of wholly prospective future injury." Elend, 471 F.3d at 1205. We will, however, to the extent possible address these issues separately.

**I.     Standing**

Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Although the "injury requirement is most loosely applied" when an ordinance is challenged as unconstitutional on its face under the First Amendment, we have repeatedly stressed that when seeking prospective

5

relief, an injury must be imminent. Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 760 (11th Cir. 1991); Elend, 471 F.3d at 1210; 31 Foster Children v. Bush, 329 F.3d 1255, 1266–67(11th Cir. 2003).

The sole injury that Dermer alleges is "a chilling effect on [his] willingness to participate in any current referendum or to become involved in any initiating of a referendum on any of the important matters of public interest about which [he] care[s] deeply." (R.E. Tab 50-2 at 2.) While true that "it is not necessary that [a plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights," Steffel v. Thompson, 415 U.S. 452, 459 (1974), a plaintiff still must demonstrate "an actual and well-founded fear that the law will be enforced against [him]," Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 393 (1988). Dermer, however, failed to provide the court with anything more than generalizations. He refrained from submitting any detail, such as when, where, or how he intends to exercise his right to free speech in the future, that illuminates the specifics of his claimed injury. Without such elaboration, his mere assertion of a chill is insufficient to demonstrate an injury in fact. See Laird v. Tatum, 408 U.S. 1, 13–14 (1972) (holding that "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of

6

specific future harm" (emphasis added)); <u>Elend</u>, 471 F.3d at 1209 (holding that even when core political speech is implicated, a plaintiff must provide some "limitation on the universe of possibilities of when or where or how such a [future injury] might occur"). Accordingly, Dermer lacks standing to bring forth this action.

## II. **Ripeness**

A "[r]ipeness analysis involves the evaluation of two factors: the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." <u>Elend</u>, 471 F.3d at 1211. While "[h]ardship can sometimes be established if a plaintiff demonstrates that he would have to choose between violating an allegedly unconstitutional statute or regulation and risking criminal or severe civil sanctions . . . plaintiffs must still demonstrate a credible threat of prosecution." <u>Id.</u> (internal quotation marks and citations omitted). This requirement is not satisfied if "it would strain credulity to say that there is a credible threat that [a plaintiff's] <u>First</u> <u>Amendment</u> rights will be violated in the future." <u>Id.</u>

For the reasons discussed in the previous section, Dermer's allegations contain no factual specificity and, therefore, do not demonstrate a credible threat

of prosecution.  Id.; see Hallandale, 922 F.2d at 761, 764 (holding that a bald assertion of a chilling effect is not enough to render a case ripe).  When a plaintiff lacks standing for prospective relief because the injury in fact requirement is not satisfied, the claim is usually "not ripe because the factual predicate for the injury has not fully materialized."  Elend, 471 F.3d at 1205. Accordingly, Dermer's cause of action is not ripe for adjudication.

## CONCLUSION

For the foregoing reasons, we REVERSE and VACATE the judgment of the district court and REMAND this case with instructions to DISMISS Dermer's complaint as to the Ordinance under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.