[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11573
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01921-SDM-AEP

DONNA HAND,
individually and as a Authorized Representative,

Plaintiff-Appellant,

versus

JAMES BIBEAULT,
individually and as Jacksonville District Director DEEOICP,
DAVID MILLER,
individually and as Jacksonville Asst. Deputy Director DEEOICP,
MARK STEWART,
individually and as Jacksonville FAB manager DEEOICP,
LEE SANTOS,
individually and as Jacksonville claims examiner DEEOICP,
JULIA DRAPER,
individually and as Jacksonville Senior Claims Examiner DEEOICP,
JOHN ELLIS,
Dr., M.D. MPH. A.B.IME, individually and as DMC for Jacksonville DEEOICP,
et. al.,

Defendants-Appellees.

———————————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————————

(October 19, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Donna Hand appeals *pro se* from the dismissal of her complaint against various employees and private contractors of the U.S. Department of Labor's Division of Energy Employees Occupational Illness Compensation (DEEOIC). She argues, in relevant part, that the district court erred in finding that she lacked standing to sue the defendants, either on her own behalf or as the *pro se* authorized representative of certain unnamed claimants under the DEEOIC's Energy Employees Occupational Illness Compensation Program (EEOICP).

I.

In her original, *pro se* complaint, Hand alleged that the defendants had fraudulently denied benefits to certain unnamed claimants under the EEOICP. She further alleged that, as the claimants' authorized representative, she was entitled to a percentage of the amount ultimately awarded to them, and, thus, the defendants had injured Hand's "possessory interest" in the benefits. She sought actual,

prospective, and punitive damages for herself, as well as full benefits for the claimants, pursuant to the EEOICP, 42 U.S.C. § 7385s-6(A); the Federal Tort Claims Act, 28 U.S.C. § 1346(b); and the Fifth Amendment.

The district court struck Hand's complaint, finding that she was not an attorney and, thus, could not represent the claimants, and the complaint failed to comply with Federal Rules of Civil Procedure 8 and 10 by making a short and plain statement of a viable claim. Despite the court's instruction to file a proper complaint and its warning that failure to comply would result in dismissal, Hand refiled a *pro se* complaint that was substantially the same as the original. Accordingly, the court dismissed the complaint with prejudice, finding, in relevant part, that Hand's authorization to represent the claimants in the administrative process did not extend to court proceedings, and she could not sue on her own behalf because the DEEOIC was not responsible for paying any fee the claimants might have owed her.

II.

We review questions of jurisdiction, including standing, *de novo*. *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010). To have standing to sue, the plaintiff must provide evidence of an injury in fact, causation, and redressibility. *Id.* An attorney whose only interest in a case derives from her

3

contingency fee arrangement with the plaintiff or from a statutory-fee provision does not herself have standing as a separate party to the suit. *Smith v. South Side Loan Co.*, 567 F.2d 306, 307 (5th Cir. 1978).

In the federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Middle District of Florida permits only licensed and admitted attorneys, as well as certain eligible law students, to appear as counsel in proceedings before it. *See* M.D. Fla. R. 2.01(a)-(b), 2.02, 2.05. A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* as that party's "legal counsel," even where statutes or regulations permit the person to serve as the party's representative in corresponding administrative proceedings. *See, e.g.*, *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997) (holding that parent may not appear *pro se* on behalf of child who was denied relief in administrative hearing held under the Individuals with Disabilities Education Act), *overruled in part on other grounds*, *Winkleman ex rel. Winkleman v. Parma City Sch. Bd.*, 550 U.S. 516, 535, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007).

Pursuant to 20 C.F.R. § 30.600(a), a claimant for benefits under the EEOICP may designate an individual to represent her in the informal administrative claims process. That person need not be an attorney. *See* § 30.601.

4

If the representative charges the claimant a fee for services and costs, "[t]he claimant is solely responsible for paying the fee and other costs. [The Department of Labor] will not reimburse the claimant, nor is it in any way liable for the amount of the fee and costs." § 30.602. Nothing in §§ 30.600 or 30.601 suggests that federal courts must permit non-attorney representatives to appear as counsel in any suit filed on the claimants' behalf.

Hand has never alleged that she filed an EEOICP claim of her own. Her only alleged personal interest or injury lies in the compensation she allegedly stood to receive if the claimants had been awarded benefits, for which only the claimants, not the DEEOIC, are responsible. *See* § 30.602. As such, she does not have standing to sue on her own behalf. *See Smith*, 567 F.2d at 307. Furthermore, assuming *arguendo* that Hand's purported status as the claimant's authorized representative in the administrative proceedings would have entitled her to file suit on their behalf, she was only legally authorized to bring suit through counsel, not to appear as non-attorney, *pro se* "counsel" herself. *Cf. Devine*, 121 F.3d at 581-82. Therefore, when she insisted on appearing *pro se* but failed to assert any permissible claim of her own, the district court did not err in dismissing the complaint.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**