[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12238
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:07-cv-01091-PCF-GJK

PALMA RASMUSSEN,

Plaintiff-Counter-Defendant-
Appellant,

versus

CENTRAL FLORIDA COUNCIL BOY SCOUTS
OF AMERICA, INC.,

Defendant-Counter Claimant-
Third Party Plaintiff-Appellee,

KEITH RASMUSSEN,

Third Party Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2011)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Palma and Keith Rasmussen ("the Rasmussens") appeal from the district court's order granting default judgment and awarding damages and replevin in favor of the Central Florida Council Boy Scouts of America ("CFC"). On appeal, the Rasmussens advance five theories as to why the district court's holdings must be reversed. After careful review of the record, we reject these arguments and affirm.

## I.

The Rasmussens first argue that the district court's entry of a default judgment was too harsh a sanction for their failure to comply with three district court Orders. We review a district court's imposition of sanctions under Fed. R. Civ. P. 16(f) for abuse of discretion. See United States v. Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003). Rule 16(f) sanctions are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 16(f) provides for sanctions as follows:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

2

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Under Rule 37, the district court may, among other sanctions, render a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). However, in order to impose the severe sanction of a default judgment, the district court must make a finding of willful or bad faith failure to comply. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). The district court must also find that lesser sanctions are not sufficient. Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir. 1986).

Here, the record plainly supports the district court's conclusion that Rasmussens' violations of three court orders amounted to willful and sanctionable conduct. Specifically, the Rasmussens failed to provide an adequate accounting, failed to participate in the drafting of a joint final pretrial stipulation, and failed to attend the final pretrial conference. The Rasmussens now claim that these errors

3

do not constitute sanctionable conduct because they were merely negligent and because they were caused by Rasmussens' counsel, not the Rasmussens themselves. But these arguments are belied by the record, which reveals that the Rasmussens are experienced litigants who closely monitor and direct their attorneys' performance. Moreover, the Rasmussens personally provided and annotated the inadequate records they supplied during the failed accounting. In the face of such direct participation, the district court was entitled to conclude that the Rasmussens' conduct necessitated sanction.

The district court also concluded that a default judgment was the only possible sanction that would further the interests of justice. These twin findings – willful bad faith conduct that cannot be deterred by lesser sanctions – are sufficient under our precedent to support entry of a default judgment. See Malautea, 987 F.2d at 1542. Accordingly, the district court did not commit an abuse of discretion in sanctioning the Rasmussens with entry of a default judgment.

## II.

The Rasmussens also contend that the district court erred in refusing to impose sanctions against CFC's counsel for statements, made in e-mails between the parties' counsel – in which she observed that the Rasmussens may have

4

engaged in criminal misconduct. We review for abuse of discretion a district court's ruling on a request for sanctions under its inherent authority. See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1237–38 (11th Cir. 2007). "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation marks omitted). In order to exercise its inherent power to award sanctions, the court must find that a party acted in bad faith. Id.

Here, the district court did not abuse its discretion, because the Rasmussens have not shown any bad faith associated with the e-mails sent from CFC's attorney. Nor, have the Rasmussens substantiated their argument that CFC threatened imminent criminal prosecution if the Rasmussens refused to settle. Rather, the emails contain generic statements as to the severity of the underlying dispute. The district court's decision not to sanction these generic statements was thus sound.

## III.

We turn next to the Rasmussens' contention that the district court was not permitted to award monetary damages to CFC for Count 1 of their counterclaim, because in that count, CFC requested only an accounting, rather than an

accounting and applicable monetary damages. As support, the Rasmussens point to Fed. R. Civ. P. 54(c), which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." This argument fails, however, because an action for an accounting is an equitable remedy for which monetary relief is appropriate. See Phillips v. Kaplus, 764 F.2d 807, 813 (11th Cir. 1985). Indeed, an accounting is expressly defined as "[a] legal action to compel a defendant to account for *and pay over* money owed to the plaintiff but held by the defendant." Black's Law Dictionary 21 (9th ed. 2009) (emphasis added). Therefore, Rule 54(c) did not prohibit the district court from awarding monetary damages to CFC because its request for an accounting and a judgment included such an award.[1]

## IV.

The Rasmussens also contend that CFC lacked standing on Count 2 of its counterclaim, which sought to compel the Rasmussens to return converted property to the CFC. The Rasmussens aver that the CFC is an improper recipient of this property, because of testimony implying that the property in question was owned by a third party. Alternatively, they argue that the district court erred by

---

[1] Because the Rasmussens do not contest the amount of damages awarded, they have foreclosed our review of this issue. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned").

<u>sua sponte</u> awarding custody of the property to CFC when CFC never requested such relief. They contend that, under the doctrine of election of remedies, CFC elected to seek monetary damages for the conversion of the property at the evidentiary hearing, and therefore was estopped from seeking the return of the property itself.

Although issues of standing are reviewed <u>de novo</u>, we must accept as true the facts contained in CFC's complaint. <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (quotation omitted)); <u>see also</u> <u>Dermer v. Miami-Dade Cnty.</u>, 599 F.3d 1217, 1220 (11th Cir. 2010).

Under this standard, the district court properly concluded that CFC had standing to recover the property it alleged had been converted. CFC alleged it was properly assigned any rights not already possessed in the disputed property, and accepting this allegation as true, it was plainly entitled to litigate for its recovery. <u>See</u> <u>Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.</u>, 554 U.S. 269, 437–38 (2008) ("Lawsuits by assignees, including assignees for collection only, are 'cases

and controversies of the sort traditionally amenable to, and resolved by, the judicial process.'").

Nor can the Rasmussens find any help in the doctrine of election of remedies. To the extent that doctrine even applies, its role is to limit double recovery. See Barbe v. Villeneuve, 505 So.2d 1331, 1332 (Fla. 1987) ("The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course . . . The purpose of the doctrine is to prevent a double recovery for the same wrong." (citation omitted)). But CFC did not recover any monetary damages as a remedy for the converted property.[2] The face of CFC's counterclaim makes clear that it expressly requested return of the allegedly converted property, and after finding that CFC possessed the rights to that property, the district court properly ordered its return. See Fed. R. Civ. P. 54(c).

## V.

Lastly, the Rasmussens argue that the district court erroneously admitted into evidence a notebook containing notes from committee meetings in which

---

[2] The district court did however award monetary damages as compensation for CFC's separate and distinct claim for an accounting.

Scout financing matters were discussed. Specifically, the Rasmussens claim that this notebook is barred under Fed. R. Civ. P. 26(a), because CFC did not disclose its existence during discovery.

We review the district court's ruling on the admission of evidence for an abuse of discretion. Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1301 (11th Cir. 2007). Under Rule 26(a), a party must disclose, without awaiting a discovery request, any tangible item "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Failing to disclose any item required by Rule 26(a) results in that party not being allowed to use that item during the proceedings, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The district court did not err in admitting the notebook's contents into evidence. As an initial matter, the Rasmussens do not argue that the notebook itself constituted inadmissible evidence, or was unreliable. Therefore, they have abandoned this issue. Marek, 62 F.3d at 1298 n.2. The sole issue, then, is whether CFC was required to disclose the notebook under Rule 26(a)(1)(A)(ii). Here, no such disclosure was required because, after Palma Rasmussen testified that the Scouting committee voted in favor of reimbursing her, CFC offered the notebook

9

into evidence for purposes of impeaching that testimony. Because the notebook was used solely for impeachment, previous disclosure was not required. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(ii).

**AFFIRMED.**