[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

No. 11-15549
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-00759-HWM-JRK

CARL MARION WELLS,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2012)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Carl Marion Wells, a state prisoner proceeding pro se, appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983 without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). In his complaint, Wells challenged the constitutionality of the state statutes under which he was convicted and sentenced. The district court dismissed Wells's complaint because it sought habeas relief and because it was a second or successive 28 U.S.C. § 2254 petition, as Wells had unsuccessfully sought habeas relief in federal district court before. On appeal, Wells argues that: (1) there was no basis for the district court's determination that he sought habeas relief in his present complaint because he was not suing the state of Florida and was not challenging his conviction or sentence, but instead was challenging the constitutionality of specific Florida statutes; (2) he was not allowed adequate time to argue his claims before the district court dismissed them, (3) the court should have held an evidentiary hearing with respect to his claims, and (4) the court denied him due process when it cited cases in its order that Wells did not have access to. After thorough review, we affirm.[1]

Under 28 U.S.C. § 1915A, the court shall determine "as soon as practicable" whether a prisoner's complaint that seeks redress from a government official "is

---

[1] Further, because Wells's motion has no bearing on the resolution of the instant appeal, his request to have the Florida Department of Corrections return his six active case files is DENIED.

frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). We review de novo a district court's sua sponte dismissal of a prisoner's complaint under 28 U.S.C. § 1915A(b)(1). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). We review de novo whether the district court properly exercised jurisdiction over a claim. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted).

A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. Id. The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. Id. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (quotation omitted). Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or

3

sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983. Id.

If the district court determines that a § 1983 claim does challenge the lawfulness of the prisoner's conviction or sentence, then the court must treat the prisoner's claim as though raised under § 2254, and it must apply the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") procedural and exhaustion requirements to the claim. Hutcherson, 468 F.3d at 754. Where the complaint, construed as though brought under § 2254, is a second or successive petition for a writ of habeas corpus, the district court must dismiss the complaint for lack of jurisdiction unless the prisoner has obtained an order authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); see Hutcherson, 468 F.3d at 755 (holding that, where a § 1983 action qualifies as a second or successive § 2254 petition, it must comply with the AEDPA's requirements for such petitions, and determining that a prisoner's petition failed to satisfy the requirements under 28 U.S.C. § 2244(b)); see also Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007) (noting that § 2244(b)'s provisions are jurisdictional in the context of applying the provisions to a Fed.R.Civ.P. 60(b) motion construed as a habeas petition).

In this case, the district court did not err in dismissing Wells's claims challenging the Florida statutes under which he was convicted and sentenced because

the claims effectively were a challenge to the validity of his conviction and sentence and were not cognizable under § 1983. Abella, 63 F.3d at 1066. Further, because Wells had previously sought habeas relief, this action, if construed as a petition for habeas relief, would be a second or successive petition. Since Wells has not obtained an order from us authorizing the district court to consider Wells's habeas claims, the district court correctly determined that it was without jurisdiction to consider Wells's complaint. See Williams, 510 F.3d at 1295.[2] Thus, the district court did not err in dismissing Wells's complaint.[3]

Wells also argues that the district court deprived him of due process by not allowing him adequate time to argue his claims and asserts that the court improperly dismissed his complaint without holding an evidentiary hearing. However, pursuant to 28 U.S.C. § 1915A(a) and (b)(1), the court was within its authority to sua sponte

---

[2] Although there is a possibility that Wells's 1992 petition was dismissed without prejudice, there is no such indication on the docket sheet regarding his prior habeas case. However, Wells has not alleged any facts or made any arguments in his motion to reconsider or in his appellate brief contesting the district court's determination that his petition is a second or successive petition.

[3] To the extent Wells is seeking only prospective relief by having the district court declare the challenged statutes unconstitutional, it is unclear how Wells would have standing. Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact. Dermer v. Miami-Dade Cnty., 599 F.3d 1217, 1220 (11th Cir. 2010). In order to challenge the constitutionality of a criminal statute, a plaintiff must demonstrate "an actual and well-founded fear that the law will be enforced against him." Id. (quotation and alteration omitted). The only plausible injury related to the constitutionality of the challenged statutes is with respect to Wells's current confinement, which, as discussed above, he cannot challenge through § 1983.

5

dismiss Wells's amended complaint "as soon as practicable after docketing" on the basis of his complaint and without the consideration of additional arguments. See Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that due process does not always require notice and the opportunity to be heard before dismissal, and upholding a court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). Moreover, the district court's reliance on unpublished cases in its order dismissing his case did not deprive Wells of access to the courts or of any due process right because the court did nothing to prevent him from bringing his § 1983 action. See Cunningham, 592 F.3d 1273-74 (holding that the doctrine of access to the courts does not impose a duty to do something to allow a prisoner to litigate effectively or to "help bolster [the prisoner's] chances of success" in court); Bank of Jackson Cnty. v. Cherry, 980 F.2d 1362, 1366 (11th Cir. 1993) (holding that, for procedural due process rights to be violated, a plaintiff must establish a deprivation of a protected interest in life, liberty, or property). Accordingly, we affirm.

**AFFIRMED.**