[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13777
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60311-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE THEODORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2019)

Before TJOFLAT, JORDAN and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jimmy Lee Theodore, proceeding *pro se*, appeals the district court's grant of the government's motion to apply the funds in Theodore's Bureau of Prisons ("BOP") trust account toward his outstanding criminal restitution judgment and challenges its denial of his Federal Rule of Civil Procedure 59(e) motion for reconsideration. (R. Doc. 219.) On appeal, Theodore argues that the district court misconstrued or did not address his arguments in its denial of his motion for reconsideration. He also argues that the district court erred in granting the government's motion to apply funds without requiring that it follow the procedures of the Federal Debt Collection Practices Act ("FDCPA").

The government argues in response that Theodore waived his right to appeal his sentence, including the restitution order, when he pleaded guilty. It argues that Theodore fully understood the significance of the waiver because the district court questioned him about it, he stated he understood it, and he indicated in the plea agreement that he had discussed the appeal waiver with his attorney. It argues that Theodore is essentially challenging the authority of the Bureau of Prisons to release the funds, which involves the manner in which the district court imposed the restitution order, and that he is barred from raising the argument pursuant to his sentence-appeal waiver.

We will address these points in turn.

## I.

2

In every case, we must ensure that the district court had jurisdiction to consider the case on the merits. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1297–98 (11th Cir. 1999). We review our subject-matter jurisdiction de novo. *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010). When a party has properly appealed a final judgment, we retain jurisdiction over both the final judgment and all prior non-final rulings that produced that judgment. *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989). *Pro se* pleadings are liberally construed as they are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We will not consider an issue not raised in the district court and raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

The notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). When an appellant's notice of appeal only specifies a particular judgment or any part thereof, an appellate court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal. *Barfield*, 883 F.2d at 930. Nevertheless, we liberally construe the language in the notice of appeal. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (concluding that party intended to appeal a judgment not explicitly presented in the

3

notice of appeal where both sides briefed the issue and the opposing party would not be prejudiced).  A party seeking to challenge an order disposing of a Rule 59 motion to amend a judgment must file a timely notice of appeal, or an amended notice of appeal, after the entry of that order.  Fed. R. App. P. 4(a)(4)(B)(ii).

Here, we do not have jurisdiction to consider Theodore's arguments that the district court erred in its order denying his motion for reconsideration.  The district court fully addressed his response to the government's earlier motion to apply funds, and he never amended his notice of appeal to include a review of the district court's denial of his Rule 59 motion.  *See* Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii); *KH Outdoor, LLC*, 465 F.3d at 1260.  Accordingly, we dismiss for lack of jurisdiction as to this issue.

## II.

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A waiver of the right to appeal a sentence necessarily includes a waiver of the right to appeal the restitution imposed.  *See generally id*. at 1067–69.  Although we construe *pro se* pleadings liberally, *pro se* litigants are still required to conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  We do not address arguments raised for the first time in a *pro se* litigant's reply brief.  *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).  Nothing forbids the government from raising the

4

sentence appeal waiver for the first time in its appellate brief, rather than by motion in advance of its brief.  *Cf. United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) (holding that we will not enforce *sua sponte* the time requirements of Fed. R. App. P. 4(b) for filing a notice of appeal in a criminal case, but the issue of timeliness may be raised for the first time in the government's brief on appeal if not raised on motion).

A district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea."  *United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir. 2000).  Rule 11 directs specifically that the court inform the defendant of, and make sure the defendant understands, certain matters.  *See* Fed. R. Crim. P. 11(b)(1)(A)–(N).  In pertinent part, the court is obligated to inform a defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  The court is also obligated to inform a defendant of its authority to order restitution but is not specifically required to inform a defendant about waiving the right to appeal restitution specifically.  *See* Fed. R. Crim. P. 11(b)(1)(K).

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant

about the waiver during the plea colloquy, consistent with Rule 11(b)(1)(N); or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* Unless there is "a manifestly clear indication in the record that the defendant otherwise understood the full significance of the sentence appeal waiver," the district court will have erred by not inquiring as to the waiver during the plea colloquy. *Id.* at 1352. Therefore, in most circumstances, the district court must have engaged the defendant about the waiver during the plea colloquy for us to enforce the waiver. *Id.*

Here, the record supports that Theodore's sentence appeal waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351. At the plea colloquy, he affirmed that he reviewed his plea agreement with his lawyer and understood it, and he agreed to pay restitution. The district court specifically informed Theodore, and Theodore affirmed that he understood, that he was giving up his right to appeal the sentence "unless it exceeds the maximum permitted by statute or is a result of an upward departure or variance from the advisory guideline range established at sentencing." (R. Doc. 179.) The district court therefore satisfied its obligation under Rule 11 to inform Theodore of the terms of his sentence appeal waiver and its authority to order restitution. *See* Fed. R. Crim. P. 11(b)(1)(K), (N); *Bushert*, 997 F.2d at 1351. *See also Johnson*, 541 F.3d at 1066–69 (holding that a defendant's sentence appeal waiver barred his challenge to an untimely restitution order because

the defendant affirmed during the plea colloquy that he understood that he was not allowed to appeal unless the district court determined that the loss amount exceeded $30,000).

Accordingly, we therefore enforce Theodore's sentence appeal waiver and dismiss the remainder of his appeal based on that waiver.

APPEAL DISMISSED.